**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOHN POLASEK** § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | CAUSE NO. _____ | |
| § | | |
| **JPMORGAN CHASE BANK, N.A.** § | | |
| Defendant § | **JURY TRIAL DEMANDED** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW, JOHN POLASEK,** Plaintiff in the above numbered and styled cause, and files this Plaintiff's Original Complaint complaining of JPMORGAN CHASE BANK, N.A., Defendant herein, and for causes of action would respectfully show unto this Court as follows:

**I. PARTIES**

1. Plaintiff JOHN POLASEK ("Plaintiff" or "Polasek") is an individual residing in Pearland, Brazoria County, Texas.

2. Defendant JPMORGAN CHASE BANK, N.A. ("Defendant" or "JP") is a corporation doing business in Texas and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

**II. JURISDICTION**

3. Jurisdiction is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1331 because this matter is a civil action that arises under the laws of the United States. Jurisdiction is also proper pursuant to 29 U.S.C. § 626(c) because Plaintiff seeks to recover damages or to secure equitable relief under the Age

    Discrimination in Employment Act of 1967, which is an Act of Congress which provides for the protection of civil rights.

### III. VENUE

4. Venue is appropriate and proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 because Defendant does business in Houston, Harris County, Texas, and because the causes of action alleged herein occurred in Houston, Harris County, Texas.

### IV. FACTS

5. Polasek started working at JP in early 2008 after its purchase of Bear Sterns. His title was Executive Director and he performed both origination and structuring during his time working at JP.

6. During his career at JP, Plaintiff was often the pivotal person in originating business for JP. Moreover, Polasek performed his general job tasks exceptionally well while also performing flawless follow up work on each deal. Furthermore, many of the clients Polasek brought to JP will be long time clients that will provide recurring income for JP.

7. During 2012, the Managing Directors responsible for Polasek's career management frequently and consistently informed him that he was performing at the highest level possible. In fact, during Plaintiff's 2012 mid-year review with Michael Bertuccio and Claude Guinchard (Managing Director - New York), Polasek was given very positive feedback and complimented on his performance.

8. On November 6, 2012, Polasek was informed that he was being terminated effective December 28, 2012. Defendant terminated Plaintiff despite the fact that in 2012, he was directly and indirectly responsible for over $115,000,000 in closed deals for JP. In addition,

as of November 6, 2012, Polasek had over $105,000,000 in deals that he was deeply involved with that were scheduled to close in a relatively short time.

9. As has been stated previously, Defendant did not express dissatisfaction with Polasek's job performance. On the contrary, Plaintiff's 2012 mid-year review was very positive and complimentary. However, at the time of Polasek's termination, he was one of the oldest Executive Directors in Structuring in either the Houston or New York offices.

10. It is important to note that the professionals on JP's Structuring Team that are under the age of 40 at both the Houston and New York offices had a lower production level than Polasek had at the time he was terminated. Nevertheless, these younger employees in Structuring remained employed with JP.

11. Plaintiff was 44 years old at the time he was terminated.

12. Defendant treated Plaintiff differently than employees who were under forty (40) years of age.

13. Plaintiff was subjected to different terms and conditions of employment and targeted for termination because of his age.

## V. CAUSES OF ACTION

### DISCRIMINATION BASED ON AGE UNDER THE AGE DISCRIMINATION IN EMPLOYMENT OF 1967 (ADEA)

14. Plaintiff hereby incorporates all the facts contained in §IV of this Original Complaint as if set forth fully herein.

15. Defendant has engaged in unlawful employment practices in violation of the ADEA, as amended. These practices include but are not limited to Defendant's discharge of Plaintiff because of his age.

16. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

## VI.    STATUTORY DAMAGES

17. Plaintiff has been forced to incur reasonable attorney's fees and court costs and seeks to recover for these costs pursuant to 29 U.S.C. § 626 (b).

18. Additionally, Plaintiff states that Defendant engaged in the discriminatory practices alleged with malice or reckless indifference to Plaintiff's federally protected rights, and Defendant is liable for punitive damages.

## VII. PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear herein, and that after trial by jury, a judgment be entered granting Plaintiff the following:

A. reinstatement by Defendant placing Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment and making him whole for all earnings he would have received had it not been for Defendant's discriminatory and tortious treatment including, but not limited to, wages, bonuses, pension and other lost benefits;

B. actual damages;

C. punitive damages;

D. pre-judgment and post-judgment interest at the maximum rate permitted by law;

E. reasonable and necessary attorney's fees in an amount to be shown to the satisfaction of the court;

F. cost of court; and

G. such other and further relief, both general and special, at law and in equity, to which Plaintiff may show himself justly entitled under all attending facts and circumstances.

Respectfully submitted,

/s/ Andrew L. Mintz
Andrew L. Mintz
Texas Bar No. 24037120
SD TX I.D. No. 35220
**ANDREW L. MINTZ, PLLC**
One Riverway, Suite 2300
Houston, Texas 77056
PHONE (713) 961-8026
FAX (713) 961-8022
EMAIL: andrew@almintzlawfirm.com

**ATTORNEY FOR PLAINTIFF
JOHN POLASEK**