Case 4:14-cv-01695 Document 48 Filed in TXSD on 06/13/16 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
June 13, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN POLASEK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1695 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER ON COSTS

Pending before the court are Defendant's Bill of Costs (Doc. 44) and Plaintiff's Objections to Defendant's Bill of Costs ("Plaintiff's Objections") (Doc. 45). Plaintiff's objections are **OVERRULED**.

### A. Procedural Background

On March 31, 2016, the court entered judgment in favor of Defendant and awarded Defendant its taxable costs.[1] On April 8, 2016, Defendant timely filed its Bill of Costs seeking reimbursement of $3,264.38.[2] The Bill of Costs was supported by an itemized list of costs and accompanying invoices.[3] On April 15, 2016, Plaintiff filed objections to the Bill of Costs.[4] Defendant

---

[1] See Doc. 43, Final Judgment.

[2] See Doc. 44, Bill of Costs.

[3] See id.

[4] See Doc. 45, Plaintiff's Objections.

filed a response to the objections on April 19, 2016, and Plaintiff filed a reply on April 21, 2016.[5]

B. **Standard of Review**

Federal Rule of Civil Procedure 54(d)(1), which governs the award of costs, contains a strong presumption that a prevailing party will be awarded its costs. See Marx v. General Revenue Corp., 133 S. Ct. 1166, 1172 (2013); Pacheco v. Mineta, 448 F.3d 783, 793 (5th Cir. 2006). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

Costs that may be taxed are:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

---

[5]See Doc. 46, Defendant's Response to Plaintiff's Objection to Bill of Costs; Doc. 47, Plaintiff's Reply to Defendant's Response to Objections to Defendant's Bill of Costs.

28 U.S.C. § 1920. The court may only tax costs that fit within 28 U.S.C. § 1920 ("Section 1920"). See Coats v. Penrod Drilling Corp., 5 F.3d 877, 891 (5th Cir. 1993) (citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987)).

When objections are raised "the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case." Baisden v. I'm Ready Productions, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011) (citing Fogleman v. ARAMCO (Arabian American Oil Co.), 920 F.2d 278, 286 (5th Cir. 1991)). The court has discretion to determine the appropriateness of awarding costs to the prevailing party. Marx, 133 S. Ct. at 1172-73.

C.  **Discussion**

Defendant states that the three depositions were necessary because all three were attached to and cited in Defendant's summary judgment motion. Defendant states that its remaining costs were necessary in the course of the litigation to obtain Plaintiff's tax and employment records, noting that Defendant was forced to compel authorizations for these records through the court. Plaintiff responds that even assuming the deposition costs were reasonable, the cost of Plaintiff's deposition was "exorbitant" and that because Plaintiff paid for the other two depositions, Defendant's voluntary purchase of its own copy of deposition transcriptions was not a necessary expense.

### 1. Deposition Transcripts

Defendant claims $2,394.88 in costs for its depositions of Plaintiff and two witnesses. Deposition transcripts and copying and printing fees are provided for any materials where the copies are "necessarily obtained for use in the case." 28 U.S.C. § 1920. The court concludes that the deposition costs are reasonable and that the deposition transcripts were obtained for use in the case as required by Section 1920. The court **OVERRULES** Plaintiff's objections to Defendant's deposition costs.

### 2. Employment and Tax Records

Plaintiff also objects to Defendant's business record costs because they were not necessarily obtained for use in the case. Defendant responds that all records were related to Plaintiff's claims and were necessary in preparation of its case.

Defendant's costs include five subpoenas for employment records, two requests for tax records, requests for Plaintiff's unemployment claim and EEOC charge file, and discovery requests to Plaintiff's previous employers, totaling $869.50. Defendant has explained that each of them was necessarily obtained for use in the case as allowed under Section 1920(4), which includes fees for the making of copies of "any materials" necessary to the case. The court therefore **OVERRULES** Plaintiff's objections regarding deposition transcripts.

The court taxes Defendant's costs in the total amount of $3,264.38.

**SIGNED** at Houston, Texas, on this the 13th day of June, 2016.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE